UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                          |   |                            |
|------------------------------------------|---|----------------------------|
| IN RE STEVEN C. FUSTOLO, DEBTOR          | ) |                            |
| STEVEN C. FUSTOLO,                       | ) |                            |
|     Appellant/Debtor,| ) | Case No. 17-cv-10128-LTS   |
| v.                                       | ) |                            |
| THE PATRIOT GROUP, LLC,                  | ) |                            |
|     Appellee/Creditor.| )|                            |

ORDER

September 6, 2017

SOROKIN, D.J.

Appellant/Debtor Steven C. Fustolo appeals a bankruptcy court's January 9, 2017, Order entering judgment in favor of Appellee/Creditor The Patriot Group, LLC ("Patriot"). For the reasons that follow, the Order is AFFIRMED.

I.  BACKGROUND

A.  Events Preceding the Order Under Review

In May 2011, Patriot obtained a state court judgment against Fustolo of over $20 million. Doc. 19-2 at 3. On May 6, 2013, Patriot and other creditors filed an involuntary bankruptcy petition against Fustolo. Id. at 3-4. On September 30, 2014, Patriot filed a complaint against Fustolo seeking a denial of discharge of his debt in bankruptcy, under numerous sections of the Bankruptcy Code, including 11 U.S.C. § 727(a)(3), which allows for such denial if the debtor

has, without justification, "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained," and § 727(a)(4), which allows for denial of discharge if the debtor "knowingly and fraudulently, in or in connection with the case[,] made a false oath or account." Id. at 4; see also Appendix (Doc. 16-1; hereinafter "A.") at 103.

On December 31, 2015, in response to a motion Patriot filed to compel production of documents, the bankruptcy court issued an Order ("December 31st Order") for Fustolo to produce non-privileged emails and financial statements to Patriot. Doc. 19-1 at 15-16. Moreover, in response to Fustolo's argument that being compelled to produce certain documents would violate his Fifth Amendment right against self-incrimination, the bankruptcy court ordered him to "provide the Court for its *in camera* inspection only . . . copies of all emails and documents he asserts are protected," along with a log explaining why production of each document would be incriminating. Id. The bankruptcy court stated that it would then determine whether Fustolo had properly invoked his Fifth Amendment privilege. Id. at 17. The court further stated that Fustolo's *in camera* submissions would "not constitute a waiver of his Constitutional right against self-incrimination." Id. (footnote omitted).

Fustolo filed two requests to extend his time to comply with the December 31st Order, both of which Patriot opposed. A. 17. In support of one of these requests, Fustolo stated he "ha[d] personally commenced the process necessary to fully comply with this court's order." Doc. 19-2 at 17. The bankruptcy court allowed each request. A. 17. On January 26, 2016, the bankruptcy court ordered that Fustolo would have until February 1, 2016, to comply. Id. Nevertheless, Fustolo did not file his *in camera* submission until February 5, 2016. Id. at 20.

2

Fustolo's late *in camera* submission did not comply with the December 31st Order: Fustolo told the bankruptcy court he would not submit, even *in camera*, certain materials he had been ordered to produce, again invoking his Fifth Amendment right against self-incrimination. Doc. 19-2 at 19. Moreover, the log accompanying the records Fustolo submitted was "not in compliance" with the Order. Id. at 18.

On February 16, 2016, Patriot filed a motion for sanctions for failure to obey the December 31st Order and for alleged email spoliation. See id. at 20; A. 18. Fustolo opposed the motion, and on March 17, 2016, the bankruptcy court held a hearing on it. Doc. 19-2 at 21.

At the hearing, Fustolo's lawyer agreed with the bankruptcy court's description of the sequence of events, i.e., "two motions to extend time, which were granted, . . . followed by an in-camera submission that said 'We're not complying with the order[.]'" Doc. 19-3 at 31. The lawyer said Fustolo was "asserting his Fifth Amendment right over the act of production of [certain] documents." Id. The bankruptcy court asked why it had gone through "a painstaking effort to protect" Fustolo's Fifth Amendment rights "with an in-camera submission," only to have Fustolo refuse to comply. Id. Fustolo's lawyer answered: "The only reason I'm aware of is the overriding concern that Your Honor is the finder of fact in this case and that by producing documents to Your Honor, whether they're reviewed in camera or not, would implicate his Fifth Amendment rights." Id.; see also id. at 32 (lawyer noting Fustolo's "concern" about "the potential for an adverse inference").

After the hearing, the bankruptcy judge "dictate[d] [her] ruling[]" allowing the motion for sanctions. Id. at 40. The bankruptcy judge found that Fustolo "ha[d] chosen not to obey" the December 31st Order "in refusing to comply with it and in refusing to comply with the protocols that I had established." Id. at 42. She further stated: "The Court is mindful that [Fustolo] may

3

well be in contempt of court, but that is not before me today. That issue may be raised by Patriot or by the Court at a later date." Id. The bankruptcy court found Fustolo had violated the December 31st Order by failing to produce certain non-privileged emails to Patriot, either "intentionally" or because they had been deleted, and by "refus[ing] to comply with the[] terms" of the Order that provided for *in camera* submission. Id. at 43-44. The judge stated that the *in camera* "framework and the protocol were based on well-settled case law and [she] designed it to protect [Fustolo's] rights against self-incrimination," but Fustolo had instead "unilaterally determined that he wasn't complying." Id. at 44. The court said it was not Fustolo's "call" whether to comply with the December 31st Order, and that his failure to comply was "in furtherance of a scheme to delay this litigation and legitimate discovery." Id. at 44-45.

The Court imposed all of Patriot's requested sanctions, including an accelerated trial date of May 23, 2016, and an order prohibiting Fustolo from presenting at trial any emails that he had not already produced. Id. at 45. The court found Patriot's requested sanctions "more than reasonable and, indeed, . . . far less drastic than sanctions that may well be warranted under the circumstances of this case." Id. Specifically, the Court noted that "Patriot d[id] not seek a default judgment." Id.

In the parties' Joint Pretrial Memorandum, Patriot stated that "Fustolo's discovery misconduct in this proceeding, including but not limited to Fustolo's spoliation of evidence," would be among the "fact issues for trial" A. 205-07. On May 23, 2016, the first day of trial, Patriot's counsel said during his opening statement that the evidence would "show that Mr. Fustolo has repeatedly abused the bankruptcy process, violated this Court's orders, [and] failed to preserve evidence." Id. at 391. The bankruptcy judge then asked counsel whether Patriot had a "count under Section 727(a)(6)" of the Bankruptcy Code, which allows for the denial of

4

discharge in bankruptcy when the debtor has "refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify."  Id.; 11 U.S.C. § 727(a)(6)(A). Patriot's counsel responded, "No.  We don't have an (a)(6) claim, Your Honor."  A. 391.

On the fourth day of trial, June 14, 2016,[1] Patriot's attorney asked Fustolo if he recalled that in December 2015, "the Court entered an order in which you were to provide the Court in camera documents that you contend[ed] you were withholding based on the Fifth Amendment privilege."  Id. at 628.  Fustolo answered that he recalled the Order.  Id.  Patriot's attorney replied, "You never produced those documents to the Court, did you?"  Id. at 629.  Fustolo answered, "My attorney supplied them to the Court, yes."  Id.  Patriot's attorney then explained that under the December 31st Order, "there was a protocol that you were supposed to follow in terms of providing documents withheld on Fifth Amendment grounds, as well as a log of documents."  Id.  Following this explanation, the attorney asked, "Sir, do you know whether you complied with that order?"  Id.  Fustolo answered, "Sir, I relied on my counsel who believed that – that compliance had been adhered to."  Id.  A bit later, Patriot's attorney asked Fustolo whether he was "telling the Court right now under oath that [he] supplied all documents withheld on the Fifth Amendment privilege to the Court[.]"  Id. at 630.  Fustolo responded that he "relied on my counsel for that, so whatever they said we complied with, we complied with."  Id.  This entire exchange occurred without objection from Fustolo's trial counsel.

Trial concluded on June 23, 2016, with counsel for both sides stating that they intended to file post-trial memoranda.  Doc. 19-2 at 30.  The parties filed their memoranda on August 26, 2016.  A. 37.  "In its post-trial memorandum, Patriot indicated that it would seek, by separate motion, pursuant to Fed. R. Civ. P. 15(b)(2) and Fed. R. Bankr. P. 7015, to conform the

---

[1] The trial days were not consecutive.  See A. 29-34.

5

pleadings to the evidence to allow it to assert a claim and obtain a judgment against Fustolo for denial of his discharge under § 727(a)(6)." Doc. 19-2 at 30.

On September 12, 2016, Patriot filed a Motion to Conform the Pleadings to the Evidence ("Motion to Conform"), under Rule 15(b)(2) and Rule 7015, to assert a § 727(a)(6) claim. Doc. 19-4 at 2. Specifically, Patriot asked the Court to allow "Patriot's complaint to conform to the evidence presented at trial – i.e., that Fustolo willfully violated the Court's [December 31st] Order – and allow it to include an additional non-discharge claim under Section 727(a)(6)." Id. at 5. Fustolo opposed the Motion, arguing that Patriot's counsel's admission during his opening statement that Patriot did not have a § 727(a)(6) claim "amount[ed] to a waiver of a trial on that issue and eliminate[d] any possibility that the Debtor would have been put on notice that any evidence that it was seeking to introduce . . . would be used to try a Section 727(a)(6) count." Id. at 21.

### B. The January 9, 2017, Order

On January 9, 2017, the bankruptcy court issued an Order and supporting Memorandum (collectively, "January 9th Order") allowing Patriot's Motion to Conform and entering judgment in favor of Patriot under § 727(a)(6)(A). Doc. 19-2 at 51. The court concluded that "pursuant to Fed. R. Civ. P. 15(b)(2)[,] it must treat the claim under [section 727(a)(6)] as if it were raised in the Complaint, and that Fustolo's refusal to obey the December 31st Order warrants denial of his discharge under" that section. Doc. 19-2 at 50. In reaching this conclusion, the bankruptcy court found Fustolo had "impliedly consented to the litigation of the unpleaded § 727(a)(6)(A) claim" because (1) in the parties' Joint Pretrial Memorandum, Patriot listed "Fustolo's discovery

6

misconduct in this proceeding" as a fact issue for trial;[2] (2) shortly before trial, the court had allowed Patriot's request for judicial notice of the December 31st Order and the March 17, 2016, hearing transcript; (3) during Patriot's opening statement, its counsel stated that the evidence would "show that Mr. Fustolo had . . . violated this Court's orders"; and (4) Patriot questioned Fustolo at trial, without objection "on the basis of waiver or any other grounds," "specifically about his compliance with the December 31st Order." Id. at 36-37. The court found Fustolo had given implied consent in part because the December 31st Order, the March 17th hearing transcript, and Patriot's about his compliance with the December 31st Order were all "more strongly relevant" to a § 727(a)(6)(A) claim than to other issues. Id. at 40-41 (citing, each time, Haught v. Maceluch, 681 F.2d 291, 305 (5th Cir. 1982)).

The court further found that Patriot "did not waive a trial on the § 727(a)(6)(A) claim" when its lawyer stated at the outset of trial that "it did not have such a claim." Id. at 37. The court found this statement was accurate at that time, as Patriot's Complaint did not have such a claim. Id. In any event, the Court stated, Fustolo was on notice of the possibility of such a claim for the reasons mentioned above, in particular the fact that Patriot's counsel questioned Fustolo about his failure to comply with the December 31st Order. Id.

The court "acknowledge[d] that it would have been better practice for Patriot to have sought amendment of the Complaint to include a separate count for § 727(a)(6)(A) sooner," but found "no prejudice to Fustolo from any resulting delay given Fustolo's full opportunity to address the issue at trial." Id. at 38, 42. The court stated that Fustolo "had a full opportunity to testify about his compliance with the December 31st Order, notwithstanding the fact that his

---

[2] The court stated that the phrase "discovery misconduct" "should have alerted Fustolo that his most egregious discovery misdeed . . . , namely his failure to comply with the December 31st Order, would be a triable issue." Doc. 19-2 at 41.

7

testimony directly contradicted [the court's] unchallenged rulings." Id. at 42. The court stated it was "hard to imagine what additional evidence Fustolo could offer or what defense he could advance on this matter were it to be retried as the Court previously adjudicated his refusal to comply with the December 31st Order in its rulings on March 17, 2016 – rulings which Fustolo did not seek leave to appeal." Id. The court also "discern[ed] no bad faith or dilatory motive on the part of Patriot in seeking amendment of the Complaint at the time of the submission of its pre-trial memorandum." Id.

The court then analyzed whether "[g]rounds exist[ed] for denial of a discharge under § 727(a)(6)(A)."[3] Id. at 43. The court concluded that denial of discharge was appropriate because Patriot had shown "by a preponderance of the evidence" that Fustolo had "refused" to comply with the December 31, 2015, Order.[4] Id. at 49-50. In reaching this conclusion, the court found that the December 31st Order was "lawful" because the Supreme Court "has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection." Id. at 46 (citing, *inter alia*, United States v. Zolin, 491 U.S. 554, 568-69 (1989)); see also id. at 48 (noting the Second Circuit had found that the "Fifth Amendment does not protect refusal to produce documents for *in camera* inspection").

The court further found that December 31, 2015, Order "was not one requiring a response to a material question or to testify as it" merely ordered Fustolo to produce non-privileged documents to Patriot and to submit "potentially Fifth Amendment privileged materials to the Court for the purpose of assessing the validity of Fustolo's invocation of the privilege." Id. at

---

[3] As stated supra, § 727(a)(6)(A) allows for the denial of a discharge in bankruptcy when a debtor has "refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify."

[4] Most of the bankruptcy court's § 727(a)(6)(A) analysis pertained to Fustolo's refusal to submit materials *in camera*, but the court also found he had "willfully and intentionally failed to comply with the December 31st Order with respect to the production of documents to Patriot without legitimate excuse." Doc. 19-2 at 49.

8

47. The court stated that it had "fashioned the December 31st Order" specifically in response to "Fustolo's stated concern that production of certain materials to Patriot or the creation of a privilege log for Patriot would have constituted a testimonial act." Id.

The court stated there could be "no doubt" that Fustolo's noncompliance with the December 31st Order constituted a "willful and intentional" refusal. Id. The court noted that Fustolo's lawyer said Fustolo was refusing to comply with the Order because of concerns about his Fifth Amendment rights "and the potential for an adverse inference." Id. The court found that Fustolo's testimony "that he *did* comply with the December 31st Order was not credible and [was], indeed, absurd." Id. at 49. The court reiterated that it had "unequivocally determined on March 17, 2016 that Fustolo had refused to comply with this Court's Order and that such refusal was willful and intentional." Id.

## II. STANDARD OF REVIEW

"A district court reviews a bankruptcy court's judgment in the same manner in which [the Court of Appeals] review[s] lower court proceedings." In re DN Associates, 3 F.3d 512, 515 (1st Cir. 1993). Accordingly, the Court reviews "the bankruptcy court's findings of fact for clear error," and "will not set aside" those findings absent a "strong, unyielding belief that a mistake was made." In re Crawford, 841 F.3d 1, 6 (1st Cir. 2016) (citations and internal quotation marks omitted). Moreover, the Court reviews the bankruptcy court's legal conclusions de novo and "its discretionary rulings for abuse of discretion." In re Hoover, 828 F.3d 5, 8 (1st Cir. 2016) (citation omitted). The Court "may also affirm on any ground supported by the record even if the issue was not pleaded, tried, or otherwise referred to in the proceedings below." Id. (citations and internal quotation marks omitted).

III. DISCUSSION

    A. Rule 15(b)(2)

        1. Implied Consent

Fustolo argues that the bankruptcy court "abused its discretion in granting Patriot leave to amend its complaint under" Rule 15(b)(2). Doc. 16 at 18. Specifically, Fustolo contends the court erred in finding he gave implied consent to trial on the issue of whether he disobeyed an order of the bankruptcy court, which would allow for denial of discharge under § 727(a)(6)(A). Id. at 20.

"When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Fed. R. Civ. P. 15(b)(2).[5] "A party can give implied consent to the litigation of an unpleaded claim in two ways: by treating a claim introduced outside the complaint as having been pleaded, either through the party's effective engagement of the claim or through his silent acquiescence; or by acquiescing during trial in the introduction of evidence which is relevant only to that issue." Crawford, 841 F.3d at 6 (citations, internal quotation marks, and alterations omitted). "The introduction of evidence directly relevant to a pleaded issue cannot be the basis for a founded claim that the opposing party should have realized that a new issue was infiltrating the case." DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 917 (1st Cir. 1992). This Court "review[s] issues of implied consent for abuse of discretion." Id. (citation omitted). The abuse-of-discretion standard is "generally deferential," though "a material error of law is invariably" cause for reversal. In re Charbono, 790 F.3d 80, 85 (1st Cir. 2015).

---

[5] Rule 15 applies "in adversary proceedings in bankruptcy court, under Rule 7015 of the Federal Rules of Bankruptcy Procedure." In re Crawford, 841 F.3d 1, 6 n.3 (1st Cir. 2016).

10

Fustolo argues that the bankruptcy court "applied the wrong standard" in assessing the Motion to Conform, specifically in finding he had given implied consent to trial on the issue of § 727(a)(6) because the December 31st Order; the March 17, 2016, hearing transcript, which the court took judicial notice of; and his answers to questions about compliance with the December 31st Order were all "more strongly relevant" to a claim under § 727(a)(6) than to other possible issues. Doc. 16 at 33-34. In reviewing the Bankruptcy Court's decision, this Court applies the "relevant only" test used in Crawford, which is more favorable to Fustolo than the "more strongly relevant" test applied by the bankruptcy court and derived from Haught, 681 F.2d at 305.

Even applying the Crawford standard, the bankruptcy court would have reached the same conclusion with respect to implied consent.[6] Patriot's counsel said in his opening statement that the evidence would show Fustolo had violated court orders, A. 391, a fact which was not relevant to any claims in Patriot's Complaint, see A. 103, and which is only relevant to a claim under § 727(a)(6). Moreover, Patriot's counsel and Fustolo had a lengthy exchange, without objection, regarding his compliance with the December 31st Order, see A. 628-30, which was likewise only relevant to § 727(a)(6).[7] Because evidence was introduced that was relevant only

---

[6] In this analysis, parting ways with the bankruptcy court, the Court does not rely upon the Joint Pretrial Memorandum's reference to "discovery misconduct" OR Fustolo's failure to object to the court's judicial notice of the March 17, 2016, hearing transcript as indicative of Fustolo's implied consent to trial on § 727(a)(6)(A). Doc. 16 at 11. Fustolo's alleged discovery misconduct included spoliation of evidence, an issue which was discussed during the March 17th hearing, is actionable under § 727(a)(3). Thus, those pieces of evidence were not *only* relevant to a claim under § 727(a)(6).

[7] Fustolo argues that Patriot's counsel's examination on his compliance with the December 31st Order "directly related to the existing claims under §§ 727(a)(3) & (a)(4)," and thus did not serve as a valid basis for finding implied consent to trial on § 727(a)(6). Doc. 16 at 31. The Court disagrees. Patriot's counsel specifically asked about his compliance with the portion of the December 31st Order instructing him to submit documents *in camera*. See A. 628-30. His stated refusal to comply with that portion of the Order on Fifth Amendment grounds hardly constitutes concealment or failure to preserve information, as would be actionable under § 727(a)(3), or a false oath or account, as would be actionable under § 727(a)(4). See In re Simmons, 810 F.3d 852, 857 (1st Cir. 2016) (stating § 727(a)(3) "operates in furtherance of" a debtor's duty to "maintain books and records accurately memorializing his business affairs") (citation omitted); In re Hannon, 839 F.3d 63, 69 (1st Cir. 2016) (stating that § 727(a)(4) allows a debtor to

11

to the "unpleaded claim" of Fustolo's compliance with court orders, and because Fustolo "engaged the merits of the claim, this Court cannot say that the bankruptcy court abused its discretion by finding [Fustolo] impliedly consented." Crawford, 841 F.3d at 6 (noting, in finding implied consent by the debtor, that he had "responded without objection" to questions that were only relevant to an unpleaded claim).[8]

2. Prejudice

Fustolo argues that the bankruptcy court also abused its discretion in finding that he would not suffer unfair prejudice if amendment were allowed under Rule 15(b)(2). Doc. 16 at 35. "[A]mendment should not be allowed if the opposing party demonstrates 'unfair prejudice.'" In re Rauh, 119 F.3d 46, 52 (1st Cir. 1997) (citations and internal quotation marks omitted). "The term 'unfair prejudice' refers to whether a party had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory." Id. (citations and internal quotation marks omitted).

The bankruptcy court did not abuse its discretion in finding Fustolo had sufficient opportunity to defend himself against the claim that he disobeyed a lawful court order. The Court notes that at the March 17, 2016, hearing, Fustolo's own lawyer agreed with the bankruptcy court that Fustolo's tardy *in camera* submission stated, "We're not complying with

---

"be refused his discharge only if he (i) knowingly and fraudulently made a false oath, (ii) relating to a material fact") (citation and internal quotation marks omitted). Assuming *arguendo* that Fustolo's refusal to submit documents *in camera* did constitute concealment under § 727(a)(3), or that his assertion of Fifth Amendment privilege was a "false oath or account" under § 727(a)(4), then those sections would merely serve as alternative grounds to deny discharge of Fustolo's debt.

[8] Fustolo argues that Patriot waived its right to seek additional relief beyond the sanctions imposed after the March 17, 2016, hearing. Doc. 16 at 41-43. He cites no authority for the underlying proposition that a party is precluded from bringing a § 727(a)(6) claim when it previously sought some other penalty for refusal to obey a court order. The Court finds this argument meritless.

12

the [December 31st] [O]rder." Doc. 19-3 at 31. The Court also notes that the bankruptcy judge found Fustolo refused to comply with the December 31st Order on two occasions: first, after the March 17th hearing, see Doc. 19-3 at 42-45, and second, in the January 9, 2017, Order, when she reiterated that finding after determining that Fustolo's testimony at trial "was not credible and [was], indeed, absurd," Doc. 19-2 at 49. Finally, the Court notes Fustolo has offered no statement at any time as to what evidence he might present that could possibly lead the bankruptcy judge to change her finding after the March 17th hearing and after seeing Fustolo testify. See Doc. 16 at 38-41. For all of these reasons, the Court defers to the bankruptcy court's determination that Fustolo would not be unfairly prejudiced by the delay in amending the Complaint to add a § 727(a)(6) claim.

B. Section 727(a)(6)

Fustolo suggests that the bankruptcy court's December 31st Order to produce allegedly privileged documents for *in camera* review was an order to testify, and thus that refusal to comply with the Order is exempt from penalty under § 727(a)(6). Doc. 16 at 43. Relatedly, Fustolo suggests that the December 31st Order was not lawful, and that in refusing to comply he was "merely exercising his Fifth Amendment right against self-incrimination." Id. at 45.

These arguments are unavailing. "[A]n individual may assert the Fifth Amendment to prevent the compelled production of documents in his possession if the act of production is both testimonial and self-incriminating." In re Grand Jury Subpoena (Mr. S.), 662 F.3d 65, 69 (1st Cir. 2011) (citation omitted). The burden of proving the existence of a valid Fifth Amendment privilege is on the party asserting it. Herman v. Galvin, 40 F. Supp. 2d 27, 28 (D. Mass. 1999) (citing In re Grand Jury Subpoena, 973 F.2d 45, 50 (1st Cir. 1992)). Fustolo has offered no

13

evidence that producing certain documents for the bankruptcy court's *in camera* inspection would be either testimonial or self-incriminating. Nor could he: The December 31st Order specifically stated that his submission of documents for *in camera* inspection would "not constitute a waiver of his Constitutional right against self-incrimination." Doc. 19-1 at 17. Moreover, the Supreme Court "has approved the practice of requiring parties who seek to avoid disclosures of documents to make the documents available for *in camera* inspection, and the practice is well established in the federal courts." Zolin, 491 U.S. at 569 (citations omitted); see also Herman, 40 F. Supp. 2d at 28-29 ("A proper use for an in camera hearing is to allow a witness to impart sufficient facts in confidence to the judge to verify the privilege claim where external circumstances do not afford adequate verification.") (quoting In re Brogna, 589 F.2d 24, 28 n.5 (1st Cir. 1978)). Indeed, federal circuit courts have specifically endorsed the "finding that the Fifth Amendment does not protect refusal to produce documents for in camera inspection." United States v. Myers, 593 F.3d 338, 348 (4th Cir. 2010) (citing In re Three Grand Jury Subpoenas, 847 F.2d 1024, 1028-29 (2d Cir. 1988)). Accordingly, the Court finds no error in the bankruptcy court's December 31st Order requiring *in camera* submission of documents. Nor does the Court find any error in the bankruptcy court's conclusion that Fustolo refused to obey the December 31st Order and that this refusal merits a denial of discharge under § 727(a)(6)(A).

IV. CONCLUSION

For the foregoing reasons, the bankruptcy court's January 9, 2017, Order entering judgment in favor of Patriot is AFFIRMED.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge